IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-02611-PAB

UNITED STATES OF AMERICA *ex rel*.
DENNIS KOGOD,

      Plaintiff,

v.

DAVITA, INC.,
DAVITA RX, LLC,
DVA LABORATORY SERVICES, INC., d/b/a Davita Labs,
TOTAL RENAL LABORATORIES, INC.,
RMS LIFELINE, INC., d/b/a Lifeline Vascular Access,
REGAL MEDICAL GROUP, INC., and
HERITAGE PROVIDER NETWORK,

      Defendants.

---

**ORDER**

---

      This matter is before the Court on the Joint Stipulation of Voluntary Dismissal

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) [Docket No. 77].

      Relator Dennis Kogod and the United States have entered into a written

Settlement Agreement (the "May 2024 Settlement Agreement") with defendant DaVita

Inc. ("DaVita") in compromise and resolution of the claims asserted in the above-

captioned action ("the Civil Action").  Docket No. 77 at 1, ¶ 1.  Realtor Kogod and the

United States of America jointly stipulate[1] to the dismissal of the action, subject to the

---

[1] Under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), a plaintiff may voluntarily
dismiss an action by filing a stipulation of dismissal signed by all parties who have
appeared.  Fed. R. Civ. P. 41(a)(1)(A)(ii).  Here, only Mr. Kogod and the United States
have appeared.

terms of the May 2024 Settlement Agreement, other than Mr. Kogod's claims for expenses, attorney's fees, and costs of the action pursuant to 31 U.S.C. § 3730(d). Docket No. 77 at 1-2, ¶¶ 1, 3.  The United States consents to the dismissal of the Civil Action subject to the terms of the May 2024 Settlement agreement in satisfaction of 31 U.S.C. § 3730(b)(1).  *Id.* at 3, ¶ 6; *see* 31 U.S.C. § 3730(b)(1) ("The action may be dismissed only if . . . the Attorney General give[s] written consent to the dismissal.").

In addition, the parties request the Court retain jurisdiction to administer, interpret, and enforce the May 2024 Settlement Agreement, including "any disputes, claims and/or causes of action relating to the May 2024 Settlement Agreement and the payments required thereunder and as to Relator's claims for expenses, attorney's fees, and costs pursuant to 31 U.S.C. § 3730(d), which claims remain pending and have not been resolved."  *Id.* at 3-4, ¶ 7.

A district court may retain jurisdiction over a case to enforce the terms of a settlement agreement provided that the order of dismissal shows an intent to retain jurisdiction.  See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-81 (1994).  However, the parties have not filed a copy of the May 2024 Settlement Agreement.  Because the Court will not enforce the terms of an agreement that it has not been provided, the Court will not retain jurisdiction to enforce the settlement agreement.  The Court will, however, retain jurisdiction as to Mr. Kogod's claims for expenses, attorney's fees, and costs pursuant to 31 U.S.C. § 3730(d).

It is therefore

**ORDERED** that the claims and allegations in this case shall be dismissed as follows:

(a) all claims and allegations as to all defendants are dismissed **with prejudice as to Relator Dennis Kogod**;

(b) those allegations that DaVita (1) from November 27, 2012 through mid-August 2018, engaged in a kickback scheme with its competitor to obtain patient prescription referrals to DaVita's pharmacy business, causing its competitor to file false Medicare claims, in exchange for DaVita buying European dialysis clinics and certain products from its competitor; (2) from 2007 through October 31, 2018, paid kickbacks to physicians in vascular surgical centers and ambulatory surgical centers to induce them to refer patients to DaVita's dialysis clinics; and (3) on September 22, 2006 and October 22, 2012, paid kickbacks to a large nephrology practice as part of a right of first refusal scheme to induce it to refer patients to DaVita's dialysis clinics are dismissed **with prejudice as to the United States**;

(c) those allegations that were previously settled by the United States, DaVita, and Relator Kogod in a September 28, 2018 Settlement Agreement ("2018 Settlement Agreement") concerning specified reimbursements made to DaVita under the Medicare Advantage Program as set forth in the 2018 Settlement Agreement are dismissed **with prejudice**; and

(d) any other claims against DaVita and all claims against all other defendants asserted in the action, including the allegations contained in paragraphs 174-266 of the complaint, are dismissed **without prejudice as to the United States**.  It is further

**ORDERED** that each party shall bear its own expenses, attorney's fees, and costs, except as provided by the terms of the May 2024 Settlement Agreement and

except for Mr. Kogod's claims for expenses, attorney's fees, and costs pursuant to 31

U.S.C. § 3730(d).

DATED July 18, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge